IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA

Courtney Boyd #208921
plaintiff

VS.

Civil Action NO:

2:07CV403-mef

CPl. J.W. Solomon
Defendants

RECEIVED
2007 MAY -9 A 9:53
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**DEMAND FOR JURY TRIAL**

I. Previous Lawsuits

A. NO. I have not filed another Suit in Federal Court dealing with the same or Similar facts involved in this action.

B. NO. I have not filed a Suit about my imprisonment.

II. Place of present Confinment: Easterling Corr. Fac.
The incident OCcurred: Montgomery Co. police Department.

III. Name and Address of Individual you allege Violated your Constitutional Rights. 1. CPl J.W. Solomon Montgomery Co. police Department 310 N. Ripley St. Montgomery, AL, 36130.

IV. The Date upon which Said Violation OCcurred: January 24, 1999.

V. State Briefly the Grounds on which you Base your Allegation your Constitutional Rights are Being violated: 8th & 14th Amendment of the United States Constitution Rights.

State Briefly the facts which Support this Ground. See the Attach Affidavit & Attestation

VI. State Briefly Exactly what you want the Court to do for you: I request for a trial by Jury or by the Court. So that this Court will be able to see that the Defendant violated my 8th & 14th Amendment. I request that I be discharged from prison and award 50 million dollars. I also request Compensation and Punitive Damage for amount of 16,000,000.00, Bodily injury Damages for 8[illegible],000,000.00, Emotional Damages, [illegible] million dollar, Stress Damages 8[illegible] million dollar, 25 million for Torts & Negligence.

______________________
Plaintiff

I declare under penalty perjury that the foregoing is true and Correct. Executed on ____________

______________________
Plaintiff

# AFFIDAVIT AND ATTESTATION

My Name is Courtney Boyd, and I am over the age of 21 as of the Commencement of the filing. At all time relevent hereto I, who attest to the fact are and was a Citizen of Montgomery Co. [redacted] 3826 Happiness AV. Montgomery, AL 36105, At all time relevent the Defendants were employee of Montgomery Co. Police Department, and under their direct and immediate Control.

On January 24, 1999, I, the plaintiff, Courtney Boyd, was arrested by two Officer, and told that "I, was a suspect in a Robbery that had taking place. If the victim can not identify you as the Robbery, I will let you go." Well I was taking to the place where the Victim, Mr. Cornelius Lloyd, "Said he Could not identify, me as the Robber, because the Robber was wearing a mask." The Defendant Came to the Pizza Hut, and and Said "Book him, because he had a witness to the crime. The Defendant only heard the a Juvenile was involved in a Robbery, and Came to the Place where the Victim worked. The Defendant Read the plaintiff his Juvenile Rights, and Signed both the Affidavit & Warrant and Affidavit, but there was not a Complaint filed by the Victim, Mr. Cornelius Lloyd, the only person who had Knowledge of what happen during the Crime. Once Mr. Lloyd, don't Sign the Complaint, the Montgomery Co. police Department did not have jurisdiction over the offense or the Plaintiff. However the Defendant took

it upon himself to falsify legal Documents, which lead to the plaintiff, being indicted, convicted, and sentence to 20 years in prison.

The Defendant was without Jurisdiction to sign both the Affidavit and warrant of arrest, because as required by law Not Crime was commited in his presence of View. The Defendant may arrest the plaintiff with a warrant, if he has probable Cause to believe that a crime has being committed, by the person arrest, only when the victim of the allege Offense sign an Complaint given him Jurisdiction over the offense. However when the Defendant signed both the Affidavit and warrant, He signed as if he was the Victim of the Crime. His negligence acted, Constitutes perjury, because he went to the Magistrate Judge under false pretense, as if the Victim, who the Crime happen against filed a Complaint and Affidavit against plaintiff.

The Defendant Negligence acted, Constitutes Cruel and unusual, because his action was without need, and were done maliciously and sadistically to cause harm against the plaintiff.

The Defendant action Constitutes a violation of the equal Protection and Due process Clause, and the plaintiff has Severly, because the Defendant Cruel and negligence acted, I have Suffered the of my Rights to be Citizen has being taken I have lost family members and I have being beating Physical and mentally abused, and I have been sentenced to 20 years.

# Jurisdiction of The Court

1. This Court has Jurisdiction over the plaintiff Claim of Violation of U.S. Constitutional Rights under 42 U.S.C. 1331(a) and 1334.

2. The Court has Supplemental Jurisdiction over the plaintiff state torts and negligence Claims under U.S.C. 1367.
3. The plaintiff was living in Montgomery Co. during the events described in his Complaint.

4. The Defendant was employee at the Montgomery Co. Police Department. He is sued in his individual and Official Capacities.

# Relief Sought

The Defendant action Constitutes negligence and Cruel and unusual punishment, because his action was done wrong to Cause harm to the plaintiff, and it violated the plaintiff Equal Protection and Due process Clause, which a violation of my 8th & 14th Amendment, and the plaintiff request the Damage listed in his Complaint.

# Conclusion

The Conclusion is that the Defendant action were done without reason, and Constituted an 8th & 14th Amendment, and the plaintiff is entitled to the relief Sought in his Complaint.

Certificate of Service

I hereby Certify that I have Served a Copy of the foregoing upon the middle District by placing it in Easterling Corr. Fac. mail Box on May 7, 2007

[signature]

Courtney Bord / Plaintiff

Courtney Boyd #208921 B-1-11
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017




THE United States Middle District
P.O. Box 711
Montgomery, AL
36101

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

MAY 11 2007