IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD, #208921, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-403-MEF |
| ) | [WO] |
| ) | |
| J. W. SOLOMON, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Courtney Boyd ["Boyd"], a state inmate, on May 7, 2007.[1] In this complaint, Boyd asserts that J. W. Solomon, an officer with the Montgomery Police Department, violated his constitutional rights on January 24, 1999 when Solomon arrested him for robbery without a valid warrant of arrest. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Specifically, Boyd contends that Solomon illegally "signed both the affidavit & warrant and affidavit" because "there was not a complaint filed by the victim...." *Id.* He further argues that "[t]he defendant was without jurisdiction to sign both the affidavit and warrant of arrest ... because ... no[]

---

[1] Although the Clerk of this court stamped the complaint "filed" on May 9, 2007, it is clear that Boyd presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates that Boyd executed the certificate of service on May 7, 2007. *Plaintiff's Complaint - Court Doc. No. 1* at 6. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Boyd] signed it ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers May 7, 2007 as the date of filing.

crime was committed in his presence of view." *Id*. at 4. Boyd further complains that Solomon's actions resulted in "the plaintiff being indict[ed], convicted, and sentence[d] to 20 years in prison" for robbery. *Id*. Boyd requests that he "be discharged from prison" and seeks monetary damages from the defendant. *Id*. at 2.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## I. DISCUSSION

### A. Claims Barred by the Statute of Limitations

Boyd asserts that Solomon violated his constitutional rights when he executed an affidavit and warrant of arrest against the plaintiff on January 24, 1999. It is clear from the face of the complaint that Boyd's claims against the defendant are barred by the statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Dukes v. Smitherman*, 32 F.3d at 537. At the time Boyd filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

The alleged unconstitutional actions occurred on January 24, 1999. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *See Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing. Consequently, the applicable statute of limitations expired on the claims arising from execution of the affidavit and issuance of the arrest warrant on January 25, 2001.[3] Boyd filed the instant complaint on May 7, 2007. This filing occurred over six (6) years after the applicable limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the

---

[3]"[T]he day of the act [or] event ... from which the designated period of time begins to run shall not be included" in computing the running of the limitation period. Rule 6(a), *Federal Rules of Civil Procedure*.

complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Boyd has no legal basis on which to proceed as he filed this cause of action more than six (6) years after the violations which form the basis of the complaint accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Boyd's challenges to the actions of the defendant with respect to execution

of the affidavit and filing of the arrest warrant are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[4]

### B. The Challenge to Plaintiff's Robbery Conviction

To the extent Boyd challenges the constitutionality of his robbery conviction and his current incarceration on the sentence imposed for such conviction, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action. In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

A judgment in favor of Boyd on the claims presented in the instant complaint which challenge the constitutionality of the robbery conviction and resulting sentence imposed upon Boyd by the Circuit Court of Montgomery County, Alabama would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction and sentence about which Boyd complains have not been invalidated in an appropriate civil proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

*Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims arising from plaintiff's 1999 arrest be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitations.

2. To the extent that Boyd challenges the validity of the conviction and sentence imposed upon him for robbery by the Circuit Court of Montgomery County, Alabama, these claims be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before **May 31, 2007,** the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of May, 2007.

          /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE