IN THE UNITED STATES MIDDLE
OF ALABAMA

Courtney Boyd #208921
Plaintiff

VS.

J.W. Solomon
Defendant

Case No: 2:07-CV-403-MEF
[WO]

RECEIVED
2007 JUN -7 A 9:27

Objection TO The Magistrate
Recommendation Entered 5-18-07

Comes Now, The plaintiff, Courtney Boyd, moves into this Honorable Court Objecting to the Magistrate Judge Recommendation. The plaintiff Submit the following in support:

1. The plaintiff filed his Suit on May 2, 2007, and not January 20, 2001, because up until June 6, 2006, he did not Know, there was never a Complaint Signed by the victim. The plaintiff only found this out, when he wrote the "Alabama State Bar, Concerning this document." They sent him a letter of what Mr. Durant my trial Counsel sent them back in July 16, 2002, which he said he provided the plaintiff which all of his discovery. It was then the plaintiff found out that he never had a Criminal Complaint Signed by the victim. Therefore, This Suit was only filed 11 months After, the plaintiff found out this information. See Exhibit A, Which is a Copy of the letter from the Alabama State Bar."

Page 1

2. The plaintiff, is suiting the Defendant for an negligence acted, which constitues a violations of my 8th & 14th Amendment. The United States Constitutions protects against "Cur/r Unsual Punishment" and A right to Due Process Clause, and Equal protection of right". Moore vs. United States Pipe & Foundry Co. 384 So. 2d 1108 "That the One Years Statute limitations for negligence actions did not bar suit filed three years after allegedly negligence, because liability did not occur until seven months prior to filling of the suit.

3. The Statute of limitations in fraud cases expires one years after the fraud is actually discovered or should have been discovered. (Ala. Code 6-2-3 1925). The Statute of limitations in fraud begins to run when the plaintiff learns facts which would provoke inquiry by a person of ordinary Prudence and, by simple investigation of the facts, the fraud would have been discovered. See Title 6-2-3 Code of Ala. 1925.

4. The Plaintiff request that Judgment is set aside and the Defendant be served with a copy of the complaint, because the plaintiff did not discover this information until June 6, 2006. See Exhibit A.

Pugh

5. The plaintiff argues that the Defendant negligence acted, was done willfully, maliciously, illegally, Fraudulently, in bad faith beyond authority. See Phillips vs. Thomas 555 So.2d 81 (Ala. 1989).

6. The plaintiff argues that a Complaint seeking damages from State Official or employee for personal injury arising out of negligence performance of Official duties, state valid cause of action will survive Motion for dismissal and judgment on pleading even, if defendant raises affirmative defense of qualified immunity. See Phillips vs. Thomas Supri

7. Wherefore, The plaintiff prays that this Honorable Court will set aside it's Judgement entered on 5-18-07, because He did not found knowledge out until June 6, 2006, and filed his suit 11 months after.



Conclusion

The plaintiff did not know the information until June 6, 2006, which is within the two years limitations prior of him having knowledge of there was never a Criminal Complaint signed by the Victim.

page 3

## Relief Sought

I, the plaintiff, prays that this Honorable Court will set aside it's Judgment entered on 5-18-07, and Serving the Defendant with a Copy of the Complaint.

## Certificate of Service

I, hereby Certify that I have served a Copy of the forgoing upon the Middle District, by placing it into Easterling Corr. Fac. Mail Box on 5-22-07.

Page 4

Courtney Boyd #208421 B-1-11
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

United States District Court
P.O. Box 711
Montgomery, AL
36101

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

Courtney Boyd #208921
Plaintiff
vs.
J. W. Solomon
Defendant

Case NO: 2:07-CV-403-MEF
Level II

## AFFIDAVIT

I, Courtney Boyd, after being full sworn deposed as follows:

On June 6, 2006, I, Courtney Boyd, wrote a letter to the Alabama State Bar, requesting that my trial Counsel send me all of my discovery, because the information sent on July 10, 2002, did not have a complaint from the victim. He advised the Bar that he has provided me with all of my discovery. It was at this time I found out that J.W. Solomon had willfully, maliciously, illegally, fraudulently done this, in bad faith, he signed an Affidavit and warrant of Arrest, when the victim did not want to file charges against me. The plaintiff filed his suit only 11 months after founding this out, see Exhibit "A"

Pursuant to 28 U.S.C. Section 1746, I, Courtney Boyd do hereby sign this under the penalty of perjury that the foregoing is true and correct. Executed on May 22, 2007.

Courtney Boyd

Page 5

LEGAL USE ONLY



ALABAMA STATE BAR
**THE DISCIPLINARY COMMISSION**
TELEPHONE 334-269-1515
P.O. BOX 671
MONTGOMERY, AL 36101

DELIVERY ADDRESS:
415 DEXTER AVENUE
MONTGOMERY, AL 36104

FAX: 334/261-6311

June 6, 2006

Mr. Courtney Boyd
A.I.S. #208921  6-B-28
200 Wallace Drive
Clio, AL  36017

Re:   CSP No. 01-1058(A)
      Complaint against Winston D. Durant

Dear Mr. Boyd:

We are in receipt of your letter of May 31, 2006 concerning your request for certain file documents from Mr. Durant. Enclosed please find copy of a letter dated July 10, 2002 from Mr. Durant to you wherein he advised that he was enclosing copies of all discovery provided to him in your criminal case.

Sincerely,


OFFICE OF GENERAL COUNSEL
ALABAMA STATE BAR

*"Exhibit A"*

RULE 30. ALABAMA RULES OF DISCIPLINARY PROCEDURE OF THE ALABAMA STATE BAR, ADOPTED BY THE SUPREME COURT OF ALABAMA, PROVIDES THAT ALL DISCIPLINARY PROCEEDINGS SHALL REMAIN CONFIDENTIAL UNTIL A PLEA OF GUILTY OR THE DISCIPLINARY BOARD OR DISCIPLINARY COMMISSION MAKES A FINDING OF GUILTY.