In the United States Middle
of Alabama

Courtney Boyd
Plaintiff

VS.                                     Case No: 2:07-CV-403-MEF

J.W. Solomon
Defendant

### Objection to the Magistrate Recommendation entered June 11, 2007

Comes Now, the plaintiff, Courtney Boyd, moves into this Honorable Court Objecting to the Magistrate Judge Recommendation. The plaintiff submit the following in support:

The plaintiff is confused, because when this Hon. Judge "Withdrew" his recommendation, I thought he was going to serve the Defendant with a copy of the Complaint, because the Plaintiff did not find out until June 6, 2006, that the victim of this case Never filed an Criminal Complaint against him. See Exhibit A from the Objecting filed on June 7, 2007. Because the plaintiff is arguing his negligence act constitutes fraud. The statute of limitation on fraud does not started until it is discovered. This Complaint is within the one years limitation. See Title 6-2-3 Code of Ala. 1975.

The plaintiff put forth an diligence effort in trying

page 2

To find out if he had an Document, under his Case No: 99-01492, but the Montg. Police Dept. said he will have to have an Subpoena request, issue by the Court. See Exhibit A.

The plaintiff try to diligence found out this, because was not because it was both beyond his control and was unavoidable with diligence. The effort he made was stop by the Montg. Police Dept. See Exhibit A. Therefore this is an extraordinary circumstances that the "equitably tolled" may be apply. See Sandvik vs. U.S. 177 F.3d 1269, 1271 (11th Cir. 1999); Steed vs. Head 219 F.3d 1298-1300 (11Cir. 2000); Knight vs. Schofield 292 F.3d 709, 711 (11th Cir. 2002).

This is an truly extraordinary circumstances, because if the victim of a crime did not file charges an Officer can not go and file them. The Defendant acted cost the plaintiff 8 years of his life. The plaintiff diligence in attempting to see whether the Defendant had an complaint, before arresting him, because he was unable to get this until 6-06-06. See Drew vs. Dept. of Corr. 297 F.3d 1278, 1286 (11th Cir. 2002); Arce vs. Garcia 434 F.3d 1254, 1261 (11th Cir. 2006).

### The Challenge To Plaintiff's Robbery Conviction

The plaintiff argues that the U.S. has held

The Complaint by a sheriff is insufficient to support a Magistrate's finding of probable cause for an issuance of an arrest warrant. Because the complaint consists of nothing more than the Sheriff conclusion that the individuals named therein perpetrated the offense described in the Complaint. Because the Sheriff Affidavit & Complaint was only "bare-bones" his (Whiteley) was illegal arrested, tried, convicted, sentenced. In the plaintiff case that no criminal complaint, only an Affidavit and warrant of arrest, because the victim said he could not say who the robber was, Therefore, his sentence and conviction is illegal. See Whiteley vs. Warden 28 L.Ed.2d. 306.

Wherefore, The plaintiff prays that this Honorable Court will set aside it's recommend, because try to find out any information, but could not until 6-6-06.

Conclusion

Boyd prays that this recommendation will be set aside, because did not know he did have an Criminal Complaint until 6-06-06, even though he put forth an effort.

page 3

## Relief Sought

The plaintiff, pray this Hon. Court Order entered on 6-11-2007, will be set aside, and serving the Defendant with a copy of the Complaint.

## Certificate of Service

I hereby certify I have served a copy of the foregoing upon the Middle District, by placing it into Easterling Corr. Fac. Mail Box June 14, 2007.

Country Boy

page 4



IN THE UNITED STATES DISTRICT Court
MIDDLE DISTRICT OF ALABAMA

Courtney Boyd #207921
Plaintiff

VS.

J. W. Soloman
Defendant

Case NO: 2:07-CV-403-MRF
[LWO]

## AFFIDAVIT

I, Courtney Boyd, stated the following:

I have tried on some many time to get this information but, was not able to do so until 6-06-06. The Montg. Police Dept. said that I need an Subpoena from the Court, see Exhibit A. The fact of the matter is that the Defendant fraudulently signed both Affidavit and Warrant of arrest, where there was never an Criminal Complaint by the victim. Boyd did not find this out until 6-06-06, when his trial Counsel said he send him everything. This Suit was filed only 11 months after that.

Pursuant to 28 U.S.C. Section 1746, I, Courtney Boyd do hereby sign this under the penalty of perjury that the foregoing is true and correct. Executed on 6-14-07.

Courtney Boyd

Page 6



**City of Montgomery Alabama**

BOBBY BRIGHT
Mayor

MONTGOMERY CITY COUNCIL
ALICE D. REYNOLDS–Pres.
JAMES A. NUCKLES–Pres. Pro tem
WILLIE COOK
TERANCE D. DAWSON
CHARLES W. JINRIGHT

TRACY LARKIN
B.J. (BEN) MCNEILL
P.E. (PEP) PILGREEN
CHARLES W. SMITH

October 8, 2002

Mr. Courtney Boyd
AIS 208921
Bibb Correctional Facility
565 Bibb Lane
Brent, Alabama 35034

Dear Mr. Boyd,

Please be advised that we will comply with your subpoena request (copy attached) when we receive a subpoena issued by the court.

If you have any questions, please call me at 344-241-2649.

Sincerely,

Capt DW Warren

D. W. Warren, Captain
Assistant Division Commander
Records and Communications Division
Montgomery Police Department

Enclosures

WDW/cd



COL. JOHN H. WILSON
Chief of Police

P.O. DRAWER 159, MONTGOMERY, ALABAMA 36101-0159

(334) 241-2651
FAX (334) 241-2333

*Orig. to Howard Mandell*
*p.m. 9-20-01*

THE MONTGOMERY POLICE DEPT.

| | |
|---|---|
| COURTNEY BOYD ) | |
| VS. ) | CASE NO. CC-99 01492 |
| MONTGOMERY POLICE DEPT. ) | |
| ) | |
| ) | |

MOTION FOR ALL DOCUMENT UNDER CASE NO.CC-9901492 BE FORWAED TO HIM.

COMES NOW, Courtney Boyd is filing this motion for all document under case no.CC-99 01492 send to Mr.Courtney Boyd. The Circuit Clerk has informed me that I can get this form your department. I will be need these document before September 30.

Petitioner respectfully request that his motion be reviewed under the standards setforth in Haines v Kerner 404 U.S.519,30 L.ED 2d 652,92 S.Ct 594. Whereby the United States Supreme Court Holds allegations of a pro se litigants to less stringnet standards than formal pleadings drafted by lawyers.

Petition avers that he is entitled to have these Document.

SWORN TO AND SUBSCRIBED BEFORE ME A NOTARY PUBLIC ON THIS __19th__ DAY OF __September__ 2001.

_Jeff C Burnett_                     _Courtney Boyd_
NOTARY PUBLIC                         COURTNEY BOYD

__8-11-2003__
MY COMMISSION EXPIRES

*Exhibit A*